[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, a joint tenant of premises known as 304 Oak Street, Waterbury, Connecticut seeks to recover damages against the defendant Nick Grillo, a contractor, who performed building services for her at her home above mentioned. The defendant Grillo who represented the Garden State Brickface and Stucco Company, Inc. (hereinafter Brickface), was called by the plaintiff who was inquiring about "brickface siding" for her home. While at CT Page 1029 the plaintiff's home to respond to her inquiry about "brickface siding", the plaintiff also discussed other work needed at her home including a new roof, new windows and vinyl siding of the soffits and trim for the porch. Mr. Grillo indicated that he was a contractor and that he personally could perform that work. Grillo entered into a contract to perform the aforementioned work (Plaintiff's Exhibit B). At the plaintiff's request Mr. Grillo wrote a separate contract for each of the three items appearing in Plaintiff's Exhibit B which are Plaintiff's C, D and E. In addition, the defendant Grillo agreed to replace the plaintiff's back porch for the agreed price of $1,500. The parties did not enter into a written contract relative to the back porch.
Although the original complaint named as a defendant, Garden State Brickface and Stucco Co., the plaintiff withdrew her action against that defendant and proceeded only against the defendant Grillo for the work he performed in connection with the roof, windows, vinyl siding of the soffits and the back porch. Also, the plaintiff subsequent to the filing of the original complaint cited in an additional defendant, Donald Selematti, d/b/a Jonathan Paul Siding and Remodeling Company, that defendant did not appear and no evidence was introduced by the plaintiff as against said defendant.
The defendant Grillo did in fact complete the repair of the roof and the vinyl covering of the porch soffit. He did not replace the windows as agreed and although he completed or nearly completed the replacement of the back porch, he agreed at the plaintiff's request to cancel that oral agreement. The defendant Grillo received $5,600 from the plaintiff for his services and returned $2,700 because of the cancellation of the window contract. In effect, the plaintiff paid $2,400 for the roof and $1,500 for the services rendered in connection with the vinyl covering of the soffits for a total amount of $3,900. Grillo did not charge for the windows that he did not replace and did not charge for any services with respect to the back porch.
The plaintiff asserts claims for breach of contract, violation of the Home Solicitation Sales Act, Section 42-135a, the Home Improvement Act Section 20-240a and the Connecticut Unfair Trade Practices Act Section 42-110 as well as claims for negligent infliction of emotional distress and negligence against the defendant Grillo.
After the plaintiff rested her case, the defendant made an oral motion to dismiss each count of the complaint under Practice Book Section 302 claiming that the plaintiff failed to meet her burden of proof with respect to the allegations of her complaint. The court did in fact find that the plaintiff failed to establish a prima facie case with regards to the second count (breach of CT Page 1030 contract), the fifth count (negligent infliction of emotional distress) and the sixth count (negligence) and granted the defendant's motion to dismiss with regards to those counts. Hinchliffe v. American Motors Corp., 184 Conn. 607. As to the remaining counts, the plaintiff claims 1) that the defendant violated the Home Solicitation Act by failing to provide the plaintiff with a written contract for the back porch agreement and for failing to provide the plaintiff with contracts for the remaining work containing print smaller than the ten point minimum requirements, all a violation of Section 42-135a(a) Connecticut General Statutes; 2) that the defendant violated the Home Improvement Act in failing to register with the Commissioner of Protection in violation of Section 20-42 (a) of the Connecticut General Statutes; and 3) that the defendant violated the Connecticut Unfair Trade Practices Act because of his violation of 1 and 2 above.
 I.
It is unnecessary to determine whether the defendant's action was in fact a violation of the Home Solicitation Sales Act with regards to the work performed on the back porch pursuant to the oral agreement. The court finds that after the work on the back porch was completed or nearly completed, the plaintiff who was apparently dissatisfied with the work performed by the defendant or changed her mind and wanted a concrete porch rather than a wooden porch as provided by the defendant. Nonetheless, she sought to rescind the oral agreement with the defendant Grillo. The defendant Grillo agreed to the recission and agreed that he would not make any charge for the work that he had performed. The contract was cancelled by mutual agreement and consequently it was annulled. Jazlowiecki v. Nicoletti, 34 Conn. Sup. 670. There was no contract and therefore there was no violation of the Home Solicitation Act and the court finds for the defendant in connection with this claim.
 II.
The plaintiff claims that the defendant Grillo failed to register as a home improvement contractor in compliance with Section 20-240 of the Connecticut General Statutes. In fact, the defendant did register as a home improvement contractor doing business as — House of Beauty with a license number 513863 (See Exhibit X). The plaintiff claims that the defendant violated Section 42-135 of the Home Solicitation Act in that he did not put his name and address on the contract. The court finds that Mr. Grillo did in fact put his name and address on the contract (See Exhibit B). It is true that Mr. Grillo did not use the address that appeared on his improvement license but the court does not find that Section 42-135 requires that the contractor use the same CT Page 1031 address as appears on his home improvement license nor has the plaintiff shown the court any statutory or other authority which would make this a requirement. The court does note that the defendant did disclose on the contract (Plaintiff's B) his Connecticut license #513863 which was in effect at that time. The court does not find that the defendant violated Section 20-420 of the Connecticut General Statutes.
 III
Finally, the plaintiff claims that the violations of the Home Improvement Act and the violations of the Home Solicitations Act constituted a violation of the Connecticut Unfair Trade Practices Act Section 42-110 et seq. Having not found that the defendant violated either the Home Solicitations Act or the Home Improvement Act, the court finds that the defendant did not violate the Connecticut Unfair Trade Practices Act.
The plaintiff further makes a claim that the defendant violated the Home Solicitations Act because of the failure to provide notice of cancellation in contracts marked Plaintiff's Exhibits C, D and E. As noted, contract Exhibits C, D and E were merely provided at the plaintiff's request so that she could keep a separate file for each of the separate items that appeared in the contract marked plaintiff's Exhibit B. In contract marked Exhibit B, Mr. Grillo did provide a notice of cancellation which satisfies the Home Solicitation Act. In addition, the plaintiff produced no evidence whatsoever with regards to her claim that the contracts must provide the seller's name and address in notices in bold face type of a minimum size of ten points. In fact, the contracts admitted into evidence were admittedly reduced in size from the original contracts. In any event, the court is unable to find that the print on the right to cancel and notice of cancellation on the original contracts was in fact less than a minimum size of ten points since no evidence was introduced relative to that issue.
Judgment, therefore, shall enter on behalf of the defendant Nick Grillo on all of the counts of the Fourth Amended Complaint. The court will also enter judgment on behalf of the defendant Donald Selematti d/b/a Jonathan Paul Siding Remodeling Company without costs.
PELLEGRINO, J.